UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 MAY 18  P 4: 11

Clinton F. Stephens, a/k/a )
Clinton Farrell Stephens, # 246685, )   Civil Action No. 4:04-23125-SB
 )
          Plaintiff, )
 )   **ORDER**
     -vs- )
 )
Newberry County Detention Center; )
Lee Foster, Sheriff; and )
Magistrate Judge Barry Koon, )
 )
          Defendants. )



This matter is before the Court on the pro se Plaintiff's complaint alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. The Plaintiff claims he was denied bond and denied a preliminary hearing. By local rule, the action was referred to United States Magistrate Judge Thomas E. Rogers, III for preliminary review.

On January 19, 2005, the Magistrate Judge issued a report analyzing the complaint and recommending that it be summarily dismissed without prejudice. This recommendation was based on both procedural considerations (the parties were either not proper "persons" under § 1983 or were immune from suit) and substantive analysis (no absolute right to bail; no constitutional right to a preliminary hearing). After being given notice, the Plaintiff filed objections in a timely manner. The matter is now ripe for decision.

In his objections, the Plaintiff concedes that Defendant Lee Foster is not a

proper party to this action. Accordingly, the Magistrate Judge's report and recommendation in this regard is affirmed. Likewise, the Plaintiff did not challenge the Magistrate Judge's assertion that the Newberry County Detention Center is not a proper "person" subject to suit under § 1983. Absent timely objection from a dissatisfied party, a district court is not required to review, under a de novo or any other standard, a magistrate judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). As such, the Magistrate Judge's recommendation in this regard is also affirmed.



The Plaintiff argues that the actions of Defendant Barry Koon, the Magistrate Judge who denied bail, were deliberately undertaken due to some sort of bias against him or alternatively were the result of the Judge's "whim." This allegation, however, does not change the well-established law that judges are absolutely immune to damages suits for actions taken within the scope and course of their duties. Conducting pretrial hearings, including making bail determinations, are most certainly activities within the scope of the judicial capacity. The Plaintiff has not demonstrated that this case meets either of the two limited exceptions to judicial immunity: non-judicial action or judicial action taken "in the complete absence of all jurisdiction." See Mireles v. Waco, 502 U.S. 9, 11 (1991). A claim of bad motive or bias does not change the result. See id. (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive")(citation omitted).

Having found that no Defendant in this case is subject to suit, the Plaintiff's action must be dismissed. Accordingly, it is

2

ORDERED that the Plaintiff's objections to the report and recommendation are overruled; the Magistrate Judge's report and recommendation is affirmed; and this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 18, 2005
Charleston, S.C.

